NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1365
_____

JARET WRIGHT,

Appellant

v.

SUNTRUST BANK, INC.; SUNTRUST INVESTMENT SERVICES, INC.;
SUNTRUST MORTGAGE, INC.; CSI CAPITAL MANAGEMENT;
TODD LAROCCA; TAYLOR & FAUST
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-13-cv-05633)
District Judge: Honorable Mary A. McLaughlin
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 22, 2016

Before: JORDAN, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Filed: February 8, 2016)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Jaret Wright appeals the District Court's orders dismissing his claims against SunTrust Bank, denying his motion to compel arbitration, and denying his motion for reconsideration. We will affirm.

I

A former professional baseball player, Wright filed a complaint against a number of his investment advisors, alleging that he lost millions of dollars because of fraudulent and high-risk investments made on his behalf.

In November 1998, Wright entered into various agreements with Todd LaRocca, CSI Capital Management, and the law firm Taylor & Faust, whereby he engaged LaRocca as his investment advisor and money manager. The parties operated under a financial services agreement dated November 1, 2003, which did not contain an arbitration clause. Wright alleges that, from the beginning of his relationship with LaRocca, he made clear that he wanted to pursue a conservative investment strategy. Despite assuring Wright that he would invest in low-risk, liquid assets, LaRocca instead allegedly invested Wright's money in unsuitable, high-risk, illiquid, alternative investments for which LaRocca received commissions, kickbacks, gifts, and other monetary benefits.

In November 2009, CSI Capital Management and SunTrust Bank executed an asset purchase agreement, by which SunTrust acquired the division of CSI's business handled by LaRocca. Under the agreement, LaRocca would remain responsible for

2

Wright's account, and Wright's "investment advisory and/or management services agreement(s)" would be transferred from CSI to SunTrust. Supp. App. 3 ¶¶11–12; 40. A few months later, on February 25, 2010, Wright and SunTrust Bank signed an "Investment Management Agency Agreement for ClearSight" (the 2010 Agreement). App. 49. The 2010 Agreement contains an arbitration clause.

In 2012, as part of a review of his investment accounts, Wright learned that some of his largest investments were "essentially worthless." Supp. App. 8 ¶ 35. Wright alleges that, as a result of the unsuitable, high-risk investments made by LaRocca, he lost more than $7.5 million in assets.

Wright filed a complaint against LaRocca, CSI Capital Management, Taylor & Faust, SunTrust Bank, SunTrust Investment Services, and SunTrust Mortgage. He subsequently voluntarily dismissed SunTrust Investment Services and SunTrust Mortgage.[1] Wright alleges that LaRocca was under the supervision and control of CSI, Taylor & Faust, and/or SunTrust throughout the relevant time period of 1998 to 2013, and that these organizations were negligent in allowing LaRocca to invest Wright's money in high-risk alternative investments. He also alleges that the organizations failed to properly

---

[1] After filing his complaint, Wright never filed an affidavit of service with respect to CSI, LaRocca, or Taylor & Faust, and did not respond to the District Court's order to show cause why the complaint should not be dismissed as to those defendants for his failure to prosecute. Accordingly, the Court subsequently dismissed all claims against them without prejudice.

supervise, control, or monitor LaRocca's activities; failed to follow industry standards in setting up and maintaining Wright's investment portfolio; failed to seek Wright's informed consent to the investment transactions; materially misrepresented or failed to disclose the "self-dealing" or high-risk aspects of the investments LaRocca made; and purposefully concealed or inflated the actual value of plaintiff's investment portfolio.

SunTrust filed a motion to dismiss, and Wright thereafter filed a motion to compel arbitration. The District Court dismissed the first two counts of the complaint against SunTrust Bank without prejudice, and dismissed the remaining counts with prejudice because Wright did not contest their dismissal in his response to SunTrust's motion. At the same time, the District Court denied Wright's motion to compel arbitration as moot. Wright then filed a motion for reconsideration, which the District Court denied. In doing so, the Court addressed the merits of Wright's motion to compel arbitration, and held that the allegations of Wright's complaint arose out of his 2003 agreement with CSI and Taylor & Faust, not out of his 2010 Agreement with SunTrust. The District Court denied Wright further leave to amend his complaint because he had not amended when afforded previous opportunities to do so and had failed to provide a proposed amended complaint with his motion for reconsideration. This timely appeal followed.[2]

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(B).

## II

Wright makes three arguments on appeal. First, he claims the District Court erred when it denied his motion to compel arbitration as moot. This argument is sound, but irrelevant. As we noted already, the District Court addressed the merits of Wright's motion to compel in response to his motion for reconsideration. In doing so, the Court ruled that Wright's claims were not arbitrable because they arose out of his 2003 agreement with CSI and Taylor & Faust (which does not contain an arbitration clause) and not out of his 2010 Agreement with SunTrust (which does contain an arbitration clause). Wright fails to challenge the District Court's merits decision in any respect. In fact, his appellate brief is almost a verbatim "cut and paste" of the brief he filed in the District Court in support of his motion for reconsideration.

His second argument, which again is almost identical to the one made below, asserts that the District Court erred when it failed to accord *stare decisis* effect to prior opinions in *Feeley v. SunTrust Bank*, 2013 WL 638881 (E.D. Pa. Feb. 20, 2013), and *Terry v. SunTrust Bank*, No. 12-cv-06341 (E.D. Pa. Feb. 19, 2013). This argument fails for two reasons. First, as the District Court explained, those cases involved different arbitration clauses and different plaintiffs. Moreover, the doctrine of *stare decisis* did not require the District Court to follow *Feeley* or *Terry*, as those cases were not binding authority. *Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (2011) ("A decision of a federal

5

district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation omitted)).

Finally, Wright argues that the District Court erred in dismissing the majority of his claims with prejudice. Wright again makes the exact same arguments on appeal as he did in support of his motion for reconsideration and, in any event, fails to explain in either brief why the complaint stated plausible claims for relief against SunTrust.

III

For the reasons stated, we will affirm the orders of the District Court.

6